# NOTICE OF APPEAL

Notice to the agent is notice to the principal, notice to the principal is notice to the agent. UCC 1-202: notice, knowledge. An instrument is deemed in law filed at the time it is delivered to the clerk. See Biffle v. Morton Rubber., Inc., 785 S.W. 2d 143, 144 (tex.1990).

**Appellant; Plaintiff:** Jamhal Talib Abdullah Bey
**Case Name:** Bey v. Old Field et al
**Case Number:** 1:19-cv-00067-JJM-LDA
**District:** United States District Court for the District of Rhode Island
**Date:** 2/20/2019

This appeal is being made to reverse the order of District Judge John J. McConnell, Jr. On 2/14/2019. District Judge John J. McConnell, Jr. ordered that case number 1:19-cv-00067-JJM-LDA be dismissed for the want of subject-matter jurisdiction. It was stated that the United States District Court for the District of Rhode Island lacked subject-matter jurisdiction based on the issue that the amount in controversy does not exceed $75,000. The amount in controversy is not the only subject brought before the court, therefore, a dismissal based on the sole argument that the amount in controversy is not adequate is insufficient. Article 17 of the Treaty between Morocco and the United States is also part of the subject-matter that needs to be addressed, as well as Article 1 section 8 and 10 of the Constitution for the United States. Additionally, as stated in the constitution, the amount in controversy is not the only reason, cause or warrant for an issue to be heard or litigated in Federal Court. The court does in fact have jurisdiction pursuant to Article III section 1 and 2 of the Constitution for the united States of America which reads:

> **Section 1:** *The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish.*
>
> **Section 2:** *The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;... to controversies between two or more states;--between a state and citizens of another state;--<u>between citizens of different states</u>;--between citizens of the same state claiming lands under grants of different states, and <u>between a state, or the citizens thereof, and foreign states, citizens or subjects</u>.*

Being a Moroccan national and citizen and not a citizen of the United States, the issue of diversity is primal and State courts, according to the Federal Constitution, lack jurisdiction. Diversity is essentially the condition of something or someone being different; the laws, customs and rules of my country differ from the laws, rules, customs and traditions of the United States. This difference is the very reason why, in the Treaty of Amity and Commerce of 1786-1787, our ancestors agreed that in any issue or controversy at law, consuls shall be present, to ensure that justice will be rendered irrespective of our differences based on the stipulations in the treaty. Additionally, it is stated in the 'Act of State Doctrine', *Underhill v. Hernandez*, 168 U.S. 250, dealing with the separation of international powers, that *"Every sovereign state* [nation] *is bound to respect the independence of every other sovereign state* [nation], *and the courts* [people] *of one country will not sit in judgment on the acts of the government* [people] *of another, done within its own territory."* Therefore, with me being a Moroccan and holding allegiance to the Moorish people and the listed defendants being citizens of the United States, this issue must be litigated in Federal Court i.e. District Court or Consular Court.

Withal, I am hereby making an amendment to fit the courts customs and rules in regards to the amount in controversy, from $36,000 to $300,000.

Additionally, District Judge John J. McConnell, Jr. claimed that my 'Motion' for [IFP] or to proceed pro bono was denied as moot. The word 'moot' has been defined as *"having little or no practical relevance, typically because the subject is too uncertain to allow a decision"* and or *"a judgment on some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy."* see Smith v. Smith, 209 Wis. 605, 245 N.W. 644, 645. Essentially, by claiming my reason to proceed pro bono [In Forma Paupers] as *'having little or no practical relevance'* is also saying that Article 7 of the United Nations Declaration on Human rights has little or no practical relevance, and I object, as that is an article that I used to support my position. In addition to Article 7 of the U.N. Declaration, in relation to the District Court filing fee, article 1 section 10 of the constitution was also used to substantiate my reason to proceed pro bono. By claiming my motion as moot, District Judge John J. McConnell, Jr. is also stating that Article 1 section 10 of the very constitution he was taken an oath to *"cannot have any practical legal effect"* or has little or no practical relevance, which is a direct violation and breach of his oath. According to Article 1 section 10 it is stated that:

> *No state shall enter into any treaty, alliance, or confederation; grant letters of marque and reprisal; coin money; emit bills of credit; <u>make anything but gold and silver coin a tender in payment of debts</u>;*

Since the word "debt" has no fixed legal meaning; see Electric Reduction Co. v. Lewellyn, C.C.A.Pa., 11 F.2d 493, 494, the issue of the filing fee in relation to proceeding pro bono [IFP] is governed by the constitution, as a debt, having no strict legal meaning, can also mean *fee*. District Judge John J. McConnell, Jr.'s claim also subsequently state that the statement of the United States Supreme Court in DON E. WILLIAMS CO. v. COMMISSIONER (1977) as *having little or no practical relevance'*, stating that *"a note, even when payable on demand and fully secured, is still only a promise to pay..."*. If the decision of the Supreme Court, according to District Judge John J. McConnell, Jr. are moot, then there is no need for Article 1 section 10 of the constitution. I object to his decision and based on my arguments, this court does in fact have jurisdiction and the order for dismissal, ipso facto and ipso jure must be reversed. Subsequently, since payment of the court filing fee is being requested in Federal Reserve Notes and not money, based on the United States Supreme Courts statement in DON E. WILLIAMS CO. v. COMMISSIONER, a note is not payment, but merely a promise to pay, therefore, I cannot pay the filing fee of 400 federal reserve notes and the court, according to the constitution, must proceed pro bono.

**Appellant:** I, Jamhal Talib Abdullah Bey, under penalty of perjury and persecution from the Moorish nation do declare and state for the record, to the best of my ability, that all claims and statements made in this affidavit are true, factually based and not made for, nor intended to be used for fraud, misrepresentation, misprision nor usurpation. A Free Moorish American national and citizen of the free National Government of Morocco, heir and successor of Felicia's estate I am: _Jamhal Talib Abdullah Bey_. In honor of my Moabite ancestors to time immemorial, exercising the Divine and Common-Law-Right to Jus Postliminii, in accord with the high principles of Love, Truth, Peace, Freedom and Justice.